# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------- x

SAIGE NUZZO,

                                     Plaintiff,

-against-

THE CITY OF NEW YORK, NYPD POLICE OFFICER
CECILIO RAMOS, Shield No. 22729, NYPD SERGEANT
CHRISTOPHE CATALANO, Tax ID 936323, and NYPD
OFFICERS JOHN/JANE DOES 1-10,

                                       Defendants.

------------------------------------------------------------------- X

**SUMMONS**

Index No.:

The Basis of Venue is:
Location of Incident

Plaintiff designates New York
County as the place of trial.

**To the above named Defendants:**

      **You are hereby summoned** to answer the Verified Complaint in this action, and to serve a copy of your Verified Answer to the Verified Complaint, or, if the Verified Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
             August 3rd, 2021

                                          Yours, etc.

                                          *Caitlin Robin*
                                          CAITLIN ROBIN, ESQ.
                                          CAITLIN ROBIN AND ASSOCIATES PLLC
                                          Attorney for Plaintiff
                                          30 Broad Street Suite 702
                                          New York, New York 10004
                                          (646)-524-6026

TO:    THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY 10007
          NYPD OFFICER CECILIO RAMOS, Shield No. 22729, Strategic Response Group 5;
          2320 Hylan Blvd., Staten Island, NY 10306

NYPD SERGEANT CHRISTOPHE CATALANO, Tax ID 936323, Strategic Response Group 5; 2320 Hylan Blvd., Staten Island, NY 10306

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------- X

SAIGE NUZZO,

                                                  Plaintiff,

      -against-

THE CITY OF NEW YORK, NYPD OFFICER CECILIO
RAMOS, Shield No. 22729, NYPD SERGEANT
CHRISTOPHE CATALANO, Tax ID 936323, and NYPD
OFFICERS JOHN/JANE DOES 1-10,

                                                  Defendants

INDEX NO.:

VERIFIED COMPLAINT

JURY TRIAL DEMANDED

-------------------------------------------------------------------- X

        Plaintiff SAIGE NUZZO, by her attorneys, Caitlin Robin & Associates, PLLC, as and for her Verified Complaint herein, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

        1.    This is a civil rights action to recover money damages arising out of defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law and the laws of the State of New York. On September 18, 2020, at approximately 7:00 p.m., plaintiff SAIGE NUZZO, while lawfully and peacefully protesting in the vicinity of Washington Square South and LaGuardia Place in New York, New York, was subject to unlawful stop, frisk, search, false arrest, and false imprisonment by Defendant NYPD Officers.  In addition, Plaintiff was subjected to use of excessive force by the defendant Officers, causing Plaintiff to suffer physical, mental, and emotional injuries. After approximately 10 hours in unlawful custody at 1 Police Plaza, Plaintiff was released with a desk appearance ticket. Plaintiff was denied the right to due process and a fair trial until the criminal charges against Plaintiffs were dismissed and sealed on or about March 8, 2021. Plaintiff was deprived of her constitutional and common law rights when the individual defendants unlawfully stopped, frisked, searched, subjected to excessive force, falsely arrested, falsely imprisoned, and denied Plaintiff the right to due process and fair trial in violation of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the common law and the laws of the State of New York.

## PARTIES

- 3 -

2. Plaintiff SAIGE NUZZO is a resident of the State of New York.

3. NYPD OFFICER CECILIO RAMOS, Shield No. 22729, is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

4. NYPD OFFICER CECILIO RAMOS, Shield No. 22729, was at all times relevant herein assigned to 1 Police Plaza.

5. NYPD OFFICER CECILIO RAMOS, Shield No. 22729, is being sued in his individual and official capacities.

6. NYPD SERGEANT CHRISTOPHE CATALANO, Tax ID 936323, is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

7. NYPD SERGEANT CHRISTOPHE CATALANO, Tax ID 936323, was at all times relevant herein assigned to 1 Police Plaza.

8. NYPD SERGEANT CHRISTOPHE CATALANO, Tax ID 936323, is being sued in his individual and official capacities.

9.

10. NYPD POLICE OFFICERS JOHN/JANE DOES 1-10, are and were at all times relevant herein, officers, employees, and agents of the New York City Police Department.

11. NYPD POLICE OFFICERS JOHN/JANE DOES 1-10, are being sued in their individual and official capacities.

12. At all times relevant herein, the individual defendant(s) were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

13. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

14. Plaintiff in furtherance of her causes of action brought pursuant to New York State law filed a timely Notice of Claim against the CITY OF NEW YORK in compliance with the Municipal Law Section 50 and in accordance with New York State law.

15. In accordance with New York State law and General Municipal Law Section 50, plaintiff testified at a hearing held pursuant to General Municipal Law Section 50-H on May 28, 2021.

16. More than thirty (30) days have elapsed since service of said Notice of Claim was filed and THE CITY OF NEW YORK has failed to pay or adjust the claims.

17. This action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

18. Plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

## **STATEMENT OF FACTS**

19. On September 18, 2020, at approximately 7:00 p.m., Plaintiff was lawfully present in the vicinity of Washington Square South and LaGuardia Place in New York, New York, when the Defendant Police Officers unlawfully stopped, frisked, searched, arrested, and imprisoned Plaintiff without probable cause or legal justification.

20. On the evening of September 18, 2020, Plaintiff had joined a peaceful protest against ICE practices, which started in Foley Square in New York, New York.

21. After approximately 30 minutes in Foley Square, the plaintiff along with the group of protesters began peacefully marching and making their way uptown toward Washington Square Park.

22. Along the way uptown, plaintiff observed anywhere from 50 to 75 uniformed NYPD officers patrolling alongside their group; there were only approximately 30 to 40 people in the group of protesters.

23. At one point, an NYPD officer on a bicycle ran into one of the protesters from behind, and another officer shouted to arrest him; the man started running, which caused the group of protesters to panic and run as well.

24. The plaintiff made her way into Washington Square Park with a group of protesters, where they stayed for approximately half an hour to wait out the panic.

- 5 -

25. Upon exiting the park, the plaintiff heard police start announcing on a loudspeaker that anyone on the streets would be arrested; plaintiff and her friends immediately tried to disperse, but they were quickly kettled in by defendant officers.

26. Plaintiff was shoved several times by defendant officers, before ultimately being thrown on the ground, at which point officers began to arrest her.

27. The Defendant Police Officers made it impossible to disperse by kittling most of the protestors and trapping them.

28. At no point did Plaintiff commit a crime, nor did defendant officers have reason to believe she had committed a crime.

29. Plaintiff was within her full First Amendment right to peacefully assemble and protest on September 18, 2020.

30. At no point was the Plaintiff resistant or combative to defendant officers.

31. Nevertheless she was arrested and restrained with painful plastic handcuffs by the defendant officers.

32. Plaintiff was also yanked by her ponytail and had her face slammed into the ground by defendant officers during the course of her arrest.

33. Plaintiff was placed in the back of a police vehicle and transported to 1 Police Plaza against her will, where she was unlawfully photographed, subjected to unlawful search, and detained in a holding cell.

34. While in custody, the plaintiff asked for water from defendant officers but was ignored.

35. At approximately 3:00 a.m. on September 19, 2020, after approximately 10 hours in unlawful custody, the Plaintiff was released from custody with a desk appearance ticket for Obstructing Governmental Administration.

36. The plaintiff suffered bruises and lacerations on her wrists, shoulders, and torso as a result of the rough treatment by defendant officers while in their custody.

37. The Defendant Police Officers provided the New York County District Attorney's Office with false, misleading and/or incomplete information that Plaintiff committed a crime.

38. On January 21, 2021, Plaintiff was arraigned in New York County criminal court and charged with false crimes.

39. Plaintiff was forced to come back to court approximately four times before all charges were dismissed and sealed on or about March 8, 2021.

40. Some of the police officer defendants observed the violation of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent their fellow officers from unjustifiably stopping, frisking, using excessive force upon, and unlawfully arresting and detaining the Plaintiff.

41. The unlawful stop, frisk, use of excessive force, unlawful arrest, unlawful imprisonment, and denial of Plaintiff's right to peacefully assemble and protest by the individually named defendants caused Plaintiff to sustain physical, psychological and emotional trauma.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's First Amendment Rights

42. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. The illegal block of demonstration employed by defendants herein terminated Plaintiff's right to peacefully assemble and protest through means intentionally applied.

44. The conduct of defendants in stopping Plaintiff from peacefully protesting was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

45. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York and of the United States Constitution.

46. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of new York and the New York City Police Department, which are therefore responsible for their conduct.

47. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SECOND CAUSE OF ACTION

## Unlawful Stop

48. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49. The illegal approach, pursuit, and stop employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

50. The conduct of defendants in stopping and blocking Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

51. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

52. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

53. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## THIRD CAUSE OF ACTION

## Violation of the Plaintiff's Fourth and Fourteenth Amendment Rights

54. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth at length herein.

55. The individually named police officer defendants, while acting in concert and within the scope of their authority, caused Plaintiff to be seized, unlawfully searched, falsely arrested, and falsely imprisoned without reasonable suspicion and/or probable cause, in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment of the United States.

56. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## FOURTH CAUSE OF ACTION

## False Arrest and False Imprisonment

- 8 -

57. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 56 with the same force and effect as if more fully set forth at length herein.

58. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

59. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York and the United States Constitution.

60. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

61. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## FIFTH CAUSE OF ACTION

## Unlawful Stop and Frisk

62. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

63. The illegal approach, pursuit, stop and frisk employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

64. The conduct of defendants in stopping, frisking, and searching Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

65. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

66. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

67. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SIXTH CAUSE OF ACTION

### Unlawful Search

68. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 67 with the same force and effect as if more fully set forth at length herein.

69. The illegal approach, pursuit, stop, and search employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

70. Defendants lacked probable cause to search Plaintiff.

71. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

72. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

73. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SEVENTH CAUSE OF ACTION

### Violation of Plaintiff's Fifth and Fourteenth Amendment Rights
### Denial of Right to Fair Trial/Due Process

74. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 73 with the same force and effect as if more fully set forth at length herein.

75. Defendants, individually and collectively, manufactured and/or withheld false evidence and forwarded this false evidence to prosecutors in the District Attorney's Office.

76. Defendants filled out false and misleading police reports and forwarded them to prosecutors in the District Attorney's Office.

77. Defendants signed false and misleading criminal court affidavits and forwarded them to prosecutors in the District Attorney's Office.

78. In withholding/creating false evidence against Plaintiff SAIGE NUZZO, and in providing/withholding information with respect thereto, defendants violated Plaintiff's

constitutional right to due process and fair trial under the New York State Constitution and under the Due Process Clause of the Fifth Amendment to the Constitution of the United States and to be free of deprivation of liberty under the Fourteenth Amendment to the United States Constitution.

79. As a result of the foregoing, Plaintiff SAIGE NUZZO sustained, inter alia, loss of the right to due process and a fair trial, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of her constitutional rights.

80. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

81. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## **EIGHTH CAUSE OF ACTION**

### **Negligence**

82. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 81 with the same force and effect as if more fully set forth at length herein.

83. Defendants owed a duty of care to Plaintiff.

84. To the extent defendants claim that the injuries to Plaintiff by the defendant police officer were unintentionally caused and that the force used by the defendant against her was unintentional, then the defendant breached that duty of care by yanking her by the hair, slamming her into the ground, leaving her imprisoned and tightly handcuffed for hours, unlawfully and against her will, and by denying her water while she was in their custody.

85. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

86. All of the foregoing occurred without any fault or provocation by Plaintiff.

87. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

88. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

89. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## NINTH CAUSE OF ACTION

### Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

90. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 89 with the same force and effect as if more fully set forth at length herein.

91. The use of excessive force by defendants by, amongst other things, grabbing her and cuffing her tightly with both plastic and metal handcuffs, constituted objectively unreasonable physical seizures of Plaintiff in violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

92. Defendants were at all times agents, servants, and employees acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## TENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

93. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 92 with the same force and effect as if more fully set forth at length herein.

94. By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff, SAIGE NUZZO. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

95. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed Plaintiff by the laws and Constitution of the State of New York.

96. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

97. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

98. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

99. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## ELEVENTH CAUSE OF ACTION

### Assault

100. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 99 with the same force and effect as if more fully set forth at length herein.

101. Defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, that such acts caused apprehension of such contact in the Plaintiff.

102. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

103. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

104. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

105. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## TWELFTH CAUSE OF ACTION

### Battery

106. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 105 with the same force and effect as if more fully set forth at length herein.

107. Defendants, their against, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner, threw plaintiff to the ground, yanked her by the hair, and wrenched her arms behind her, with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

108. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

109. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

110. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

111. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## THIRTEENTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

112. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 111 with the same force and effect as if more fully set forth at length herein.

113. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

114. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## FOURTEENTH CAUSE OF ACTION

### Failure to Intervene

115. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 114 with the same force and effect as if more fully set forth at length herein.

116. The defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

117. Defendants failed to intervene to prevent the unlawful conduct described herein.

118. As a result of the foregoing, Plaintiff's liberty was restricted, her rights were violated, she was put in fear for her safety, falsely arrested and unlawfully imprisoned, and psychologically traumatized.

119. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York.

120. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

121. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

122. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

### FIFTEENTH CAUSE OF ACTION
### Malicious Prosecution

123. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 122 with the same force and effect as if more fully set forth at length herein.

124. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and New York State common law.

125. Defendants commenced and continued a criminal proceeding against Plaintiff.

126. There was actual malice and an absence of probable cause for the criminal proceeding against Plaintiff and for the charges for which she was prosecuted.

127. The charges against the plaintiff were dismissed and sealed on or around March 8, 2021, as she committed no crime.

128. As a direct and proximate result of such acts, defendants deprived Plaintiff of her rights under the laws of the State of New York and the United States Constitution.

129. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

130. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## JURY DEMAND

131. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SAIGE NUZZO demands judgment against the defendants on each cause of action in amounts to be determined upon the trial of this action which exceeds the jurisdiction of lower courts, inclusive of punitive damages and attorneys' fees inclusive of costs and disbursements of this action, interest and such other relief as is appropriate under the law. That the Plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Dated:      New York, New York
            August 3rd, 2021

                                                By: *Caitlin Robin*
                                                CAITLIN ROBIN, ESQ.
                                                CAITLIN ROBIN AND ASSOCIATES PLLC
                                                Attorneys for Plaintiff
                                                30 Broad Street Suite 702
                                                New York, New York 10004
                                                (646)-524-6026

TO:     THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY 10007
        NYPD OFFICER CECILIO RAMOS, Shield No. 22729, Strategic Response Group 5;
        2320 Hylan Blvd., Staten Island, NY 10306

NYPD SERGEANT CHRISTOPHE CATALANO, Tax ID 936323, Strategic Response Group 5; 2320 Hylan Blvd., Staten Island, NY 10306

- 17 -

## ATTORNEY'S VERIFICATION

**CAITLIN ROBIN,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the law firm of **CAITLIN ROBIN AND ASSOCIATES PLLC**, I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is because Plaintiff does not reside in the county wherein I maintain my office.

DATED: New York, New York
August 3rd, 2021

*Caitlin Robin*
_____
CAITLIN ROBIN

- 18 -